UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES COMMODITY : 11-cv-5191 (GBD)
FUTURES TRADING COMMISSION, :

                             Plaintiff, :

v. :

ANTHONY J. KLATCH II; AMERICAN PRIVATE :
EQUITY, LLC; ARM CAPITAL MANAGEMENT, LLC; :
TASK CAPITAL MANAGEMENT, LLC; VIGILANT :
CAPITAL MANAGEMENT, LLC, :

                             Defendants. :
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ANTHONY J. KLATCH II'S MOTION FOR
A STAY OF PROCEEDINGS PENDING THE
RESOLUTION OF THE RELATED CRIMINAL PROCEEDING
ENTITLED *U.S. v. KLATCH* IN THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA**

Defendant Anthony J. Klatch II ("Klatch") submits this memorandum of law, together with the Declaration of Robert Knuts, dated October 18, 2011, in support of his motion for a stay of all proceeding in this action concerning Klatch until such time as the related criminal proceeding against Klatch in the U.S. District Court for the Southern District of Alabama (the "Alabama Criminal Action") is resolved.

## STATEMENT OF FACTS

Plaintiff U.S. Commodities Futures Trading Commission ("CFTC") filed the complaint in this action on July 27, 2011. On that same day, the CFTC obtained an *ex parte* Order To Show Cause and Statutory Restraining Order (the "July 27th Order") that, among other things, appointed a temporary receiver for the LLC defendants and froze all of defendant Klatch's assets, wherever located.

On July 28, 2011, plaintiff served the July 27th Order upon Klatch personally in Florida. Later that day, Klatch was arrested by agents of the Federal Bureau of Investigation based upon an indictment issued that same day in the Alabama Criminal Action.[1] On July 29, 2011, Magistrate Judge Elizabeth Jenkins in the U.S. District Court for the Middle District of Florida ordered Klatch to be detained temporarily pending a detention hearing on August 2, 2011.[2] After the detention hearing that day, Magistrate Judge Jenkins denied the Government's motion for detention but imposed strict conditions for Klatch's release on bail, including the posting of a $200,000 bond.[3] One week later, after Klatch had failed to meet the proposed conditions of bail,

---

[1] Declaration of Robert Knuts, dated October 18, 2011, ("Knuts Decl."), ¶¶ 2-3, Exs. A-B.

[2] Knuts Decl., ¶ 4, Ex. C.

[3] Knuts Decl., ¶ 5, Ex. D.

Magistrate Judge Jenkins issued an order directing the U.S. Marshall to transfer Klatch to custody of the U.S. District Court for the Southern District of Alabama, where the criminal proceeding was brought.[4]

After arriving in Alabama, on September 7, 2011, Magistrate Judge Katherine P. Nelson ordered Klatch to be detained pending further proceedings in the Alabama Criminal Action.[5] On September 22, 2011, Magistrate Judge Nelson issued a Detention Order Pending Trial and U.S. District Judge William H. Steele denied Klatch's appeal from that detention order on September 27, 2011.[6]

At a pre-trial conference in the Alabama Criminal Action on October 11, 2011, the Court set jury selection for October 31, 2011 and the trial for a date in November 2011.[7] On October 17, 2011, the Government filed a Notice of Intent to Introduce Rule 404(b) and/or Rule 609 Evidence. In that notice, the Government stated that even though the indictment in the Alabama Criminal Action concerns allegations involving TASK Capital Management LLC, the Government intended to introduce evidence concerning Vigilant Capital Management, LLC, American Private Equit[y] LLC, and ARM Capital Management, LLC.[8] Thus, the Alabama Criminal Action, currently scheduled to be tried in November 2011, is likely to concern the very same allegations brought by the CFTC in this action.

---

[4] Knuts Decl., ¶ 6, Ex. E.

[5] Knuts Decl., ¶ 7, Ex. F.

[6] Knuts Decl., ¶¶ 8-9, Exs. G-H.

[7] Knuts Decl., ¶ 10, Ex. I.

[8] Knuts Decl., ¶ 11, Ex. J.

2

# ARGUMENT

## THIS COURT SHOULD STAY ALL PROCEEDINGS IN THIS ACTION CONCERNING DEFENDANT KLATCH PENDING THE RESOLUTION OF THE ALABAMA CRIMINAL ACTION

It is within the discretion of the District Court to stay a civil proceeding "when the interests of justice seem to require such action." *Kashi v. Gatsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). District Courts frequently enter stays of civil proceedings when a defendant in such a civil proceeding is also the subject of a parallel criminal proceeding involving the same subject matter. *See e.g., SEC v. Boock*, 2010 WL 239818, at *1 (SDNY 2010). In such circumstances, the stay of the civil proceeding protects the interests of a defendant who will be prejudiced in the civil action if he asserts his Fifth Amendment rights or prejudiced in the criminal action if he waives those Fifth Amendment rights. *United States v. Certain Real Property and Premises Known As: 4003–4005 5th Ave.*, 55 F.3d 78, 84 & n. 6 (2d Cir.1995).

To determine whether or not such a stay should be entered in a particular case, district courts generally review the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*SEC v. Boock, Id.* (*quoting Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y.1995).

Here, all of the factors warrant a stay of the CFTC action insofar as it concerns defendant Klatch. First, the complaint in this action and the Alabama Criminal Action involve the same allegations against Klatch. To the extent that the indictment in the Alabama Criminal Action involved Klatch's activities concerning TASK Capital Management, LLC, the recent Notice filed

3

by the Government in the Alabama Criminal Action clarifies that all of the CFTC's allegations in this action will also be the subject of the Alabama Criminal Action. Knuts Decl., ¶ 11, Ex. J.

With respect to the status of the criminal action, not only has Klatch been indicted in the Alabama Criminal Action but that case is currently scheduled to go to trial in November. Knuts Decl., ¶ 10, Ex. I. As a result, it appears that any possible prejudice to the CFTC from a stay of these proceedings pending the resolution of the Alabama Criminal Action should be minimal.

In contrast, the potential prejudice to Klatch of allowing the CFTC action to move forward will be substantial. As just one example, the CFTC has recently submitted a proposed Order of Preliminary Injunction against Klatch that contains eight pages of detailed factual findings against Klatch, based solely on the original papers submitted by the CFTC. To date, Klatch has asserted his Fifth Amendment privilege in connection with this matter due to the pendency of the Alabama Criminal Action. Once that action is resolved, Klatch may be in a position to contest at least some of the allegations made by the CFTC, especially with respect to activities involving ARM Capital Management, LLC and TASK Capital Management, LLC. However, if the Court makes the findings proposed by the CFTC, then Klatch will be bound by those findings in this action.

In addition, Klatch has been severely prejudiced in this action by the combination of the all-encompassing asset freeze and his continuous detention in Federal custody since his arrest on July 28, 2011. The result has been a complete inability of Klatch to communicate confidentially with his counsel in this proceeding and, unless the CFTC changes its position and consents to a limited carve-out from the asset freeze for at least some payment of legal fees, it will not be possible for Klatch's counsel to continue to represent him in this action.

Under these circumstances, the interests of justice require a stay of the CFTC action insofar as any proceedings in this action concern Klatch until the Alabama Criminal Action is resolved. This does not mean that the CFTC cannot proceed against the other defendants in this action or that the temporary receiver must stop his work concerning the LLC defendants. All it means is that Klatch will be given a meaningful opportunity to determine how to respond to the CFTC's allegations once the Alabama Criminal Action is resolved.

## CONCLUSION

For the foregoing reasons, this Court should grant Klatch's motion for a limited stay of this action until the Alabama Criminal Action is resolved. In particular, this stay should continue the July 27th Order until that time and Klatch's time to answer the complaint in this action should be extended until after the Alabama Criminal Action is resolved.

Dated: New York, New York
October 18, 2011

PARK & JENSEN LLP

By: /s/Robert Knuts
Robert Knuts

630 Third Avenue, 7th Floor
New York, New York 10017
(646) 200-6330
rknuts@parkjensen.com

*Attorneys for Defendant
Anthony J. Klatch II*