UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, <br><br>      **Plaintiff,**<br><br>v.<br><br>ANTHONY J. KLATCH II; AMERICAN PRIVATE EQUITY, LLC; ARM CAPITAL MANAGEMENT, LLC; TASK CAPITAL MANAGEMENT, LLC; VIGILANT CAPITAL MANAGEMENT, LLC,<br><br>      **Defendants.** | Civil Action No. 11-cv-5191 (GBD)<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO STAY PROCEEDINGS AGAINST DEFENDANT ANTHONY J. KLATCH II |

Plaintiff United States Commodity Futures Trading Commission's ("Plaintiff," "Commission," or "CFTC") submits this memorandum in opposition to the Motion for a Stay of Proceedings Pending the Resolution of the Related Criminal Proceedings Entitled *U.S. v. Klatch* in the United States District Court for the Southern District of Alabama ("Motion for Stay"), (Dkt No. 20) and Memorandum in Support of the Motion for Stay ("Memo in Support") (Dkt. No. 22) filed by Defendant Anthony J. Klatch II ("Klatch"). For the reasons set forth more fully below, and particularly in light of Klatch's guilty plea on October 28, 2011, the Commission respectfully requests that the Court deny Klatch's Motion to Stay.

A. <u>No Automatic Right to Stay Parallel Civil Proceedings</u>

Courts have held that "[e]ven where there are parallel criminal and civil proceedings, a defendant has no constitutional right to a stay pending the outcome of the related criminal case."

1

*Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*, 297 F.Supp. 2d 531, 534 (S.D.N.Y. 2003) (citing *Arden Way Assoc. v. Boesky*, 660 F.Supp. 1494, 1496 (S.D.N.Y. 1987)). In fact, "[t]he need to proceed with the civil action may be strong, especially where a government agency acts in the role of a civil litigant." *Id.*

Courts have weighed the following six factors when determining whether to stay civil proceedings pending the outcome of a criminal proceeding:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interests.

*Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995). Taken together, these factors do not support a stay of these proceedings. Proceeding with this civil case would cause limited burden to Klatch, who had already pled guilty in the related criminal proceedings. However, delaying the case would significantly prejudice the Commission, the court-appointed Receiver, and the victims of Klatch's numerous fraudulent schemes.

B. <u>*No Prejudice to Klatch by Denying Stay as Klatch Has Already Pled Guilty*</u>

Klatch moved to stay these civil proceedings pending the resolution of the related criminal action brought by the United States Attorney's Office in the Southern District of Alabama. That action, except for sentencing, has been resolved. Therefore, there is no prejudice to Klatch by allowing the Commission's case to proceed.

    1.    <u>Klatch Pled Guilty for Fraud Relating to All Pools Involved in the CFTC Action</u>

Approximately ten days after filing his Motion for Stay, Klatch pled guilty in the Alabama criminal action. Attachment "A", Plea Agreement; Attachment "B", Order on Guilty Plea. The guilty plea includes one count each of securities fraud, wire fraud, money laundering, and conspiracy in connection with Klatch's involvement with TASK Capital Partners, LP (the "TASK Pool"). Attachment "A", at 15-16. The plea agreement states that

> After creating TASK [Capital Partners, LP], Anthony J. Klatch, II, Timothy Sullivan, and others solicited individuals to invest in the fund. This was done through a variety of means, including, but not limited to, providing potential investors with investment prospectuses, which contained material misrepresentations and material misleading omissions.

Attachment "A", at 17. Further,

> The remaining 40% percent [*sic*] of money in TASK [not used in trading] was used for non-investment related expenditures. This includes $180,592.45 which ended up in the personal bank account of Anthony J. Klatch, II.

Attachment "A", at 18. The plea agreement further states that that

> in addition to his involvement in the fraudulent scheme described above [the TASK Pool], Anthony J. Klatch, II admits that he was involved in similar fraudulent schemes involving American Private Equities, LLC, ARM Capital Management, LLC, and Vigilant Capital Management, LLC.

Attachment "A", at 18.

Klatch also agreed "to make full restitution as to all relevant conduct regardless of whether it relates to the count of conviction." Attachment "A", at 6. As part of the agreement, the United States agreed that it "will not bring additional criminal charges against the defendant related to his involvement in ARM Capital Management, LLC, American Private Equity, LLC, and Vigilant Capital Management, LLC." Attachment "A", at 7. Sentencing is set for April 24, 2012. Attachment "B".

2. <u>Motion for Stay is Moot Based on Guilty Plea</u>

Klatch's guilty plea renders moot any motion for a stay based on his Fifth Amendment privilege. *See, e.g., In re Residential Doors Antitrust Litigation*, 900 F.Supp. 749, 757 (E.D. Pa. 1995) (court denied motion for stay and protective order where individual defendants had pled guilty to Sherman Act violations). His guilty plea means that he has already incriminated himself regarding the operation of all of the pools and entities involved in the Commission's action. *United States v. All Meat and Poultry Products Stored at LeGrou Cold Storage*, No. 02-c-5145, 2006 U.S. Dist. LEXIS 164 , at 11 (N.D. Ill. Jan. 4, 2006) ("Indicted defendants Faucher and Smith pleaded guilty, thereby incriminating themselves… Accordingly, Faucher, Smith [and corporate defendant] have no Fifth Amendment privilege that would favor a stay.").

Klatch's guilty plea is co-extensive with the violations alleged in the Commission's complaint. Klatch admits to fraud in solicitation and misappropriation in connection with the TASK Pool, and further admits to similar conduct in connection with the ARM Pool, the Vigilant Pool, and American Private Equity, LLC ("APELLC"). Attachment "A", at 18. Klatch agreed to full restitution covering the three Pools and APELLC. Attachment "A", at 6. Therefore, the Commission's allegations and a substantial portion of the equitable remedies the Commission have sought are already addressed in the plea agreement. Klatch is collaterally estopped from re-litigating those issues in the civil action. *See Securities and Exchange Comm'n v. Credit Bancorp, Inc.*, 738 F.Supp.2d 376, 395 (S.D.N.Y. 2010).

3. <u>Any Claimed Prejudice to Klatch Is Immaterial</u>

Klatch claims to be prejudiced if the civil action continues because (a) the criminal action prevents him from responding to the Commission's allegations, particularly those found in the proposed preliminary injunction order; and (b) Klatch's counsel cannot confidentially

communicate with him. Even assuming, *arguendo*, that Klatch had a residual Fifth Amendment privilege in the present case following his guilty plea, neither argument holds merit.

Klatch's assertion of his Fifth Amendment privilege neither prevents nor excuses him from filing an answer or papers in opposition to the Commission's motion for a preliminary injunction. The fact that a litigant may be forced to choose "between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, n.3 (2d Cir. 1995) (quoting *Williams v. Florida*, 399 U.S. 78-83-84 (1970)).

Klatch has the right to invoke his Fifth Amendment protections, but the invocation of that right "is far from costless." *Id.*, at 82. For instance, "'a party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence,' and the claim of privilege will not prevent an adverse finding or even summary judgment if the litigant does not present sufficient evidence to satisfy the usual evidentiary burdens in litigation." *Id.*, at 83 (quoting *United States v. Taylor*, 975 F.2d 402, 404 (7th Cir. 1992)). Klatch is free to file an answer, including any available defenses, and is free to file papers in opposition to the Commission's motion for a preliminary injunction. However, the Commission reserves the right to request from the Court an adverse inference regarding questions that Klatch refuses to answer and other equitable remedies. *See, e.g. Securities and Exchange Commission v. Suman*, 684 F.Supp.2d 378, 386 (S.D.N.Y. 2010) (court may draw an adverse inference against party asserting Fifth Amendment privilege in civil matter).

Second, Klatch argues that he is prejudiced by the civil action because his counsel is not able to confidentially communicate with him, an argument that Klatch's counsel has repeatedly raised but which holds no merit. This Court has already carved up to $5,000 out of the

5

receivership for expenses so that Klatch's counsel can travel to Alabama. Klatch's counsel argued before this Court that he could not risk traveling to Florida to meet his client while Klatch's transfer to Alabama was pending, lest Klatch be moved before counsel could reach him. At this time, Klatch is detained in the Southern District of Alabama and counsel can know for certain where he is located. Further, Klatch has a court-appointed criminal defense attorney in Alabama who can facilitate confidential communication with counsel in this matter. Klatch has options on how he can communicate with counsel and his failure to do so is his decision.

C.      *Prejudice to Plaintiff, Receiver and Defendants' Victims Would be Substantial*

A stay as to Klatch would significantly prejudice both the Commission and the Receiver, who is working to identify assets that are the proceeds of Klatch and the other Defendants' fraud for potential restitution to Defendants' numerous victims. Klatch argues that staying the action as to him "does not mean that the CFTC cannot proceed against the other defendants in this action or that the temporary receiver must stop his work concerning the LLC defendants." Memo. in Support, at 6 (Dkt. No. 22). However, Klatch's activities are so intertwined with those of the other Defendants that staying this case as to Klatch would effectively stay the entire case.

First, many of the assets and accounts identified by the Commission and the Receiver as deriving from Pool funds are in Klatch's name. For instance, the Receiver identified several luxury cars, a boat, an airplane, and at least one bank account in the Bahamas that are held in Klatch's personal name. Temporary Receiver's Motion to Place Klatch's Personal Assets in Receivership ("Receiver's Motion"), at 2 (Dkt. No. __). The Receiver believes that many, if not all, of these assets were purchased with pool participant funds. Receiver's Motion, at 2 (Dkt. No. __). Staying discovery as to Klatch would hamper the Receiver's ability to find such assets, which could be used for restitution to Defendants' victims.

6

Second, many of Defendants' assets seized by the Receiver or identified as Klatch's assets are depreciating assets by their very nature, such as cars, a boat, and an airplane, which are losing value every month. Receiver's Motion, at 5 (Dkt. No. __). Additionally, the Receiver is expending money each month to maintain and store these assets, further burdening the receivership. Defendants' victims have lost at least $2.5 million through Defendants' misappropriation and a further $8.6 million through Defendants' trading. The receivership assets will not likely cover the majority of those losses and every passing month reduces the funds available to compensate Defendants' victims. Therefore, any delay further prejudices those victims, many of whom lost their life savings.

Third, Klatch has violated this Court's July 27, 2011 statutory restraining order ("SRO") by failing to give a full accounting of all his personal assets and failing to repatriate funds held abroad, including the money held in the Bahamas. Statutory Restraining Order, at 14-15 (Dkt. No. 9). Further, counsel for Klatch has refused to give an accounting of items in his possession, including a backpack he is believed to have received immediately after Klatch's arrest containing $24,000 in cash. Receiver's Motion, at 6 (Dkt. No. __). Staying the present action as to Klatch would prevent the Commission and/or the Receiver from seeking to compel Klatch to abide by the SRO or pursuing assets held by Klatch's counsel.

D.  *Conclusion*

Klatch's Motion for Stay is moot following his guilty plea, which covered the allegations relating to his involvement in each of the three Pools outlined in the Commission's complaint. Further, any delay in this action would significantly prejudice the Commission, the Receiver, and Defendants' numerous victims. Every passing day reduces funds available for restitution to Defendants' victims, who have lost millions of dollars already.

For the foregoing reasons, the Commission respectfully requests that the Court deny Klatch's Motion for a Stay.

Respectfully submitted,

*/s/ Andrew Ridenour*
Andrew Ridenour (D.C. Bar No. 501628)
Brian M. Walsh (Member, Maryland Bar)
Kenneth W. McCracken (Missouri Bar No. 44049)
Richard Glaser (Member, New York State Bar and U.S. District Court for the Southern District of New York Bar No. RG8652)
U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Tel: (202) 418-5438 (Ridenour)
Tel: (202) 418-5116 (Walsh)
Tel: (202) 418-5348 (McCracken)
Tel: (202) 418-5358 (Glaser)
Fax: (202) 418-5531
aridenour@cftc.gov
bwalsh@cftc.gov
kmccracken@cftc.gov
rglaser@cftc.gov

Dated this 1st day of November, 2011.

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2011, I caused this Opposition to Motion for Stay to be served via electronic mail on all counsel of record at:

Robert Knuts
Park Jensen, LLP
630 Third Ave., 7th Floor
New York, NY 10017
rknuts@parkjensen.com
(Counsel for Klatch)

Mark Silverio
Cynthia Hall
Silverio & Hall, P.A.
255 Eighth Street South
Naples, FL 34102-6123
msilverio@silveriohall.com
(Counsel for Receiver)

By: /s/ *Andrew Ridenour*
Andrew Ridenour